Gregory M. HOLDEN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 03–3232.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 4, 2003.

Before MAYER, Chief Judge, MICHEL and SCHALL, Circuit Judges.

PER CURIAM.

Gregory M. Holden appeals the decision of the Merit Systems Protection Board ("board") determining that Holden was ineligible for a waiver of repayment under 5 U.S.C. § 8346(b). No. SF–831M–02–0625–I–2 (M.S.P.B Apr. 22, 2003). We *affirm*.

We must affirm a board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Recovery of an overpayment must be waived if: (1) the annuitant is without fault and (2) recovery would be against equity and good conscience. *See* 5 U.S.C. § 8346(b) (2000); 5 C.F.R. § 831.1401 (2002). Both conditions must be met for recovery to be waived and the board determined that Holden failed to prove by substantial evidence that either of the two were met. We agree that under the circumstances presented, Holden should have known that removal of the funds from the joint account was improper. Holden re-

sponds by presenting for the first time a durable power of attorney. Even if we were to consider this document, however, it would only strengthen the board's decision—the power of attorney creates a responsibility for Holden to "act in [Edith Johnson's] place and stead...."

Holden argues primarily that recovery would be against equity and good conscience because of his family's limited financial resources. Because Holden was not without fault, his financial hardship is irrelevant under 5 U.S.C. § 8346(b). His financial hardship was, nevertheless, given consideration by the board in its decision to adjust the recovery schedule. "Where it has been determined that the recipient of an overpayment is ineligible for waiver, the individual is nevertheless entitled to an adjustment in the recovery schedule if he/she shows that it would cause him/her financial hardship to make payment at the rate scheduled." 5 C.F.R. § 831.1401 (2002). The board applied this standard when it reduced Holden's monthly repayment from $50.00 to $40.00 because repayment at the higher amount would cause Holden "financial hardship."